**In re Lorenzo VELIZ, Debtor.**

**Lorenzo VELIZ, Plaintiff,**

**v.**

**CITIBANK, Defendant.**

**Bankruptcy No. 93–11635–BKC–AJC.
Adv. No. 95–0763–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. of Florida.

Sept. 6, 1995.

Laila S. Gonzalez, Robert Sanchez and Associates, Hialeah, FL, for Plaintiff/Debtor.

James J. Feltman, Trustee, Miami, FL.

### ORDER DECLARING SERVICE OF PROCESS TO BE INEFFECTIVE

A. JAY CRISTOL, Chief Judge.

This cause came on to be heard at pre-trial conference upon the request of the debtor for entry of default judgment against Citibank.

It appears that the service upon the defendant was by United States mail addressed to the address of the banking institution.

The Bankruptcy Reform Act of 1994, § 114, Service of Insured Depository Institution amended B.R. 7004 as by inclusion of paragraph (h) as follows:

"(h) **Service of Process on an Insured Depository Institution.** Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—

(1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;

(2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or

(3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service."

Accordingly, it appears the service of process upon the banking institution as defendant in this file is ineffective. Therefore, it is

**ORDERED** that the Clerk of the Court issue an alias summons in this cause to allow appropriate service of process pursuant to F.R.B.P. 7004(h).

**ORDERED.**